UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST EDWARDS,

    Petitioner,

v.

P. TASSON,

    Respondent,
_____/

Civil No. 2:06-CV-13296
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER OF SUMMARY DISMISSAL

Ernest Edwards (petitioner), a state prisoner currently incarcerated at the Marquette Branch Prison in Marquette, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he appears to challenged an uttering and publishing conviction from 1986. Petitioner has not filed the $5.00 filing fee applicable to habeas corpus petitions, but seeks to proceed *in forma pauperis*. Because Petitioner has been enjoined from filing *in forma pauperis* lawsuits in the United States District Court for the Eastern District of Michigan without leave of court, and such leave has not been requested nor granted, the Court denies the request to proceed *in forma pauperis* and dismisses the habeas petition without prejudice.

### I. Discussion

Petitioner has been a frequent filer of civil rights complaints and habeas

1

*Edwards v. Tasson,* U.S.D.C. 2:06-13296

corpus petitions in this District, as well as in the Western District of Michigan.

In1996, District Judge Lawrence P. Zatkoff reviewed petitioner's history of filing complaints and petitions in this district. *See Edwards v. Hofbauer*, No. 96-CV-74292-DT (E.D. Mich. Oct. 31, 1996)("Order Dismissing Complaint Under 28 U.S.C. § 1915(g) and Enjoining Plaintiff from Filing Future Complaints Without Prior Authorization"). Judge Zatkoff found that Petitioner's "history of unsubstantiated and vexatious litigation amounts to continued abuse of his *in forma pauperis* status" and enjoined petitioner from filing any additional *in forma pauperis* lawsuits in this District without leave of court. Judge Zatkoff ordered that any new complaint or petition filed by petitioner must be accompanied by:

> (1) an application for permission to file the pleading; and
> (2) an affidavit demonstrating that plaintiff's allegations have merit and that they are not a repetition of plaintiff's previous complaints or petitions.
>
> *Id.*

Petitioner has failed to file the required application or affidavit in this matter. Therefore, the Court finds that petitioner is enjoined from filing this petition *in forma pauperis* and his habeas petition should be dismissed. *See e.g. Edwards v. Bell,* U.S.D.C. No. 2:06-13066 (E.D. Mich. July 14, 2006); *Edwards v. Hofbauer,* No. 2005 WL 3544265 (E.D. Mich. December 27, 2005).

The petition for writ of habeas corpus must also be dismissed, because

*Edwards v. Tasson,* U.S.D.C. 2:06-13296

petitioner has failed to specify the claims that he is wishes to raise in his petition, nor has he alleged any facts which show that he is being detained in violation of the federal constitution.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray v. Netherland,* 518 U.S. 152, 162-63 (1996)(internal citations omitted). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994)(*citing to* Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254); *See also Smith v. Stegall,* 141 F. Supp. 2d 779, 784 (E.D. Mich. 2001).

In the present case, much of the habeas petition is illegible. This Court cannot discern from the face of the petition the nature of petitioner's habeas claims. Because the petition contains so many unintelligible and conclusory allegations and statements, it is impossible to ascertain the exact errors of fact or law raised for the court's disposition. As such, the petition is subject to dismissal. *See Bakalov v. State of Utah,* 4 Fed. Appx. 654, 657 (10th Cir. 2001).

Lastly, any habeas petition would be subject to dismissal because

<500,000>

*Edwards v. Tasson,* U.S.D.C. 2:06-13296

Petitioner has failed to name the appropriate state official as the respondent. *See Clemons v. Mendez,* 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000). The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden. *See Hogan v. Hanks,* 97 F. 3d 189, 190 (7th Cir. 1996); Rule 2(a), 28 foll. U.S.C. § 2254.

## II.  ORDER

**IT IS ORDERED** that the petition for writ of habeas corpus is DISMISSED, and that Petitioner's request to proceed in forma pauperis is DENIED.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  July 31, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2006, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary